No. 01-560

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 121N

MONTGOMERY CONSTRUCTION,

Petitioner and Appellant,

v.

MONTANA DEPARTMENT OF TRANSPORTATION,

Respondent and Respondent.

APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jon A. Oldenburg, Attorney at Law, Lewistown, Montana

For Respondent:

Nick A. Rotering, Timothy W. Reardon; Montana Department of
Transportation, Helena, Montana

Submitted on Briefs:  April 25, 2002

Decided:    June  11,  2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The First Judicial District Court, Lewis and Clark County, denied the petition of Montgomery Construction (Montgomery) for judicial review and upheld a decision of the State Tax Appeal Board (STAB) regarding Montgomery's state tax liability as a special fuel user for the time between July of 1993 and June of 1996. Montgomery appeals. We affirm.

¶3 The issue is whether the District Court erred in denying Montgomery's petition for judicial review.

BACKGROUND

¶4 Montgomery is a Montana construction business and a licensed "special fuel user"--that is, an operator of diesel fuel-consuming motor vehicles on the highways of Montana. *See* § 15-70-302(16) and (18), MCA. Pursuant to § 15-70-321, MCA, a tax of 27¾ cents per gallon is imposed on each gallon of special fuel used to operate a motor vehicle upon, or in connection with a construction contract on, public roads in Montana. The tax is enforced by the Montana Department of Transportation (DOT).

¶5   DOT conducted a fuel audit of Montgomery's records for the period from July of 1993 to June of 1996 which culminated in an assessment of $30,717.51, plus interest, for special fuel user tax due.  Montgomery requested--and was granted--an informal telephone hearing on the assessment, for purposes of which it submitted a written compilation listing contracts it had worked, the number of days worked on--and value of--each contract, and whether it felt special fuel used for each job was taxable or not.  The parties' disagreement centered on whether specific gravel crushing jobs performed by Montgomery were subject to the special fuel users tax.  Montgomery contended fuel used for jobs in which it merely crushed and stockpiled gravel is not subject to the fuel users tax because it did not operate its vehicles on the highways of Montana to complete those jobs.  DOT determined, however, that based on the records provided by Montgomery, the special fuel used for the disputed jobs was taxable.  Montgomery appealed to STAB.

¶6   After a hearing, STAB issued findings, conclusions and an order determining that the disputed taxes are due and owing.  STAB noted that § 15-70-323, MCA, requires special fuel users to keep records as required by DOT.  STAB also noted that Rule 18.10.324, ARM, sets forth guidelines for record-keeping requirements relating to special fuel taxes and that, according to DOT, Montgomery had provided incomplete records.  STAB determined Montgomery was obligated under Rule 18.10.202, ARM, to demonstrate off-road usage through adequate records, and DOT had established Montgomery did

3

not maintain records adequate to document the claim that the fuel in question is not taxable.

¶7 Montgomery petitioned the District Court for judicial review, asserting STAB's decision was clearly erroneous in view of the reliable, probative, and substantial evidence of record and arbitrary or capricious and characterized by an abuse of discretion or an unwarranted exercise of discretion. Noting Montgomery had failed to provide a transcript of the STAB hearing or otherwise cite to the record at STAB, the District Court pointed out that it could not determine whether STAB's findings were supported by substantial evidence and not otherwise clearly erroneous. On that basis, the court rejected Montgomery's argument and concluded STAB's finding that Montgomery had failed to produce sufficient records in connection with special fuels was not clearly erroneous.

## DISCUSSION

¶8 Did the District Court err in denying Montgomery's petition for judicial review?

¶9 The standards for judicial review of an agency decision are set forth in statute. The court may not substitute its judgment for that of the agency on factual questions, but may reverse or modify the agency's decision if substantial rights of the appellant have been prejudiced because, *inter alia*, the administrative findings are clearly erroneous in light of the reliable, probative and substantial evidence of record, the agency's interpretation of the law is incorrect or the agency's decision is "arbitrary or

4

capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion[.]" Section 2-4-704(2), MCA.

¶10 Montgomery argues that one of its employees testified he kept records concerning which jobs were subject to the special fuel users tax, using a method taught to him by State of Montana Department of Revenue auditors. Montgomery also contends that STAB made clearly erroneous findings of fact and interpreted the law incorrectly because the records sought by DOT cannot be produced by Montgomery or any other special fuel user who is not in charge of the eventual use of stored gravel, when it is used, where it is used, or how it is used. According to Montgomery, the gravel may sit for years before it is used, other gravel may be stacked upon it, and "it would be impossible to ever document the use of the [gravel]."

¶11 In a judicial review of a contested case, "[t]he review shall be conducted by the court without a jury and shall be confined to the record." Section 2-4-704(1), MCA. The party asserting error is obligated to insure the record contains all documents, discovery, and evidence which relate to the errors claimed. A party may not predicate error on an incomplete record. *Miller v. Frasure* (1994), 264 Mont. 354, 362, 871 P.2d 1302, 1307. Without a transcript of the testimony given at the STAB hearing or references to a record produced by Montgomery, the District Court was unable to review the basis for STAB's findings and conclusions.

¶12 This Court is in the same position as the District Court. To the considerable extent that Montgomery's arguments depend on the

5

transcript of the STAB hearing, a record not before us, Montgomery has not established--and cannot establish--error by STAB in clearly erroneous findings of fact, erroneous conclusions of law or determinations which are arbitrary and capricious or characterized by an abuse of discretion or unwarranted exercise of discretion.

¶13  Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE

6